UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                                                                        Case No.: 12-70958-AST

Michael F. Coppola,                                     Chapter 7

                                Debtor.
-----------------------------------------------------------X

## **DECISION AND ORDER DENYING MOTION TO AVOID JUDICIAL LIENS**

### **Background**

On May 23, 2013, the debtor, Michael F. Coppola ("Debtor"), filed the instant motion seeking entry of an order avoiding the fixing of certain judicial liens against Debtor's principal residence located at 195 Franklin Road, Oakdale, New York (the "Property") pursuant to 11 U.S.C. § 522(f)(1)(A) (the "Motion").  According to the Motion, "the subject property has no non-exempt equity for the aforementioned judicial liens to attach to.  Therefore, these liens are voidable pursuant to Section 522 (f) of the Bankruptcy Code."[1]  Motion at ¶ 9.  Debtor self-calendared the Motion for a hearing on June 18, 2013, at 9:30 a.m. (the "Hearing").  The Motion and notice of the Hearing were served on, *inter alia*, the judicial lien creditors.

No opposition was filed to the Motion.

On June 18, Debtor appeared by counsel at the Hearing.  No party appeared in opposition to the Motion.  At the Hearing, the Court noted on the record that the Motion fails to state whether Debtor claimed a homestead exemption in the Property and that, in fact, the official CM/ECF records reflect that Debtor had failed to claim a homestead exemption on his Schedule C.  *See* dkt item 1, at Sch. "C."  Accordingly, the Court authorized Debtor to file and serve an Amended Scheduled C, and took the Motion under submission pending such amendment.

---

[1] All references to the "Bankruptcy Code" are to title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*  All references to the "Bankruptcy Rules" are to the Federal Rules of Bankruptcy Procedure.

On June 19, Debtor filed and served an Amended Schedule C (the "Amended Scheduled C") [dkt item 27], on which Debtor claims a homestead exemption in the Property under New York State Civil Practice Law and Rules ("C.P.L.R.") § 5206, but in the amount of "0.00." In addition, on Amended Schedule C, Debtor claimed the New York State cash exemption pursuant to New York Debtor and Creditor Law ("DCL") § 283 in the amount of "5,000.00" for an "Anticipated 2011 Tax Refund."[2]

## Discussion

As this Court has previously stated, "Section 522(f)(1)(A) of the Bankruptcy Code permits a debtor to avoid the fixing of a judicial lien 'on an interest of the debtor in property **to the extent that such lien impairs an exemption** to which the debtor would have been entitled,' subject to certain protections for domestic support obligations that are not relevant here." *In re Moltisanti*, 2012 WL 5246509, at *3 (Bankr. E.D.N.Y. Oct. 24, 2012) (quoting 11 U.S.C. § 522(f)(1)(A) (2011)) (emphasis added); *see In re Heaney*, 453 B.R. 42, 45-49 (Bankr. E.D.N.Y. 2011).

This case presents two issues: (1) must a debtor actually claim a homestead exemption in the principal residence to invoke § 522(f)(1) to avoid non-consensual liens against the residence; and (2) if so, must a debtor claim an exemption in an amount greater than $0.00. This Court answers both questions yes and, for those reasons, denies the relief sought in Debtor's Motion.

Courts that have reached the first issue are split on whether a debtor must actually claim a homestead exemption to avoid judicial liens pursuant to § 522(f). *See In re Wallace*, 453 B.R. 78, 82 at 82-83 (Bankr. W.D.N.Y. 2011) (denying § 522(f) motion where debtors did not claim a homestead exemption but did claim the cash exemption under New York DCL § 283); *In re*

---

[2] Debtor also claimed the $5,000.00 cash exemption under DCL § 283 on his original Schedule C. *See* dkt item 1, Sch. "C."

*Church,* 2009 WL 3754399, at *2 (Bankr. D. Mass. Nov. 2, 2009) (denying § 522(f) motion for failure to claim a homestead exemption); *but see Botkin v. DuPont Cmty. Credit Union*, 650 F.3d 396, 400 (4th Cir. 2011) (debtor not required to actually claim a homestead exemption to utilize § 522(f)); *In re Scannell*, 453 B.R. 36, 40-41 (Bankr. D.N.H. 2011) (same).

This Court concludes that the Bankruptcy Code and Bankruptcy Rules require a debtor to actually claim a homestead exemption in her principal residence in order to avoid judicial liens under § 522(f). *See Schwab v. Reilly*, 130 S.Ct. 2652, 2660 (2010) (stating that § 522(*l*) and Bankruptcy Rule 4003(a) require a debtor to file a list of property claimed as exempt so that the trustee and creditors may review it and determine whether to object to any claimed exemptions); *Wallace*, 453 B.R. at 82; *see also* 11 U.S.C. § 522(*l*) ("The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section."); FED. R. BANKR. P. 4003(a) ("A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007."). This Court reaches its conclusion based upon a literal reading of (1) § 522(*l*) and Bankruptcy Rule 4003(a), which, as the Supreme Court noted in *Schwab*, require a debtor to file a list of property claimed as exempt so that the trustee and creditors may review it and determine whether to object to any claimed exemptions; and (2) § 522(f), which only allows a debtor to avoid a judicial lien that impairs an exemption to which the debtor would have been entitled. *See* 11 U.S.C. § 522(f)(1)(A); *Schwab*, 130 S.Ct. at 2660.

If a debtor is allowed to claim property as exempt for purposes of a § 522(f) motion but is not required to actually claim that property as exempt on Schedule C, the debtor essentially will have two sets of exemptions – one set made known to creditors on Schedule C to which parties in interest may object, *see* Bankruptcy Rule 4003(b), and a second set only referenced in the

§ 522(f) motion. This Court does not read the relevant provisions of the Bankruptcy Code and Bankruptcy Rules as allowing a debtor to have this second, shadow set of exemptions.

Allowing a debtor to have a second, shadow set of exemptions raises several potential issues. For example, as discussed below, the debtor might seek to avoid judicial liens based upon a hypothetical homestead exemption to which the debtor is not entitled because the debtor has also claimed a cash or wildcard exemption. Alternatively, a debtor might seek to avoid judicial liens under § 522(f) using the federal exemptions in a case where the debtor has actually elected the state exemptions on her Schedule C. Congress specifically prohibited a debtor from claiming both state and federal exemptions. *See* 11 U.S.C. § 522(b)(1) (authorizing a debtor to choose either state or federal exemptions, and prohibiting debtors in joint cases from having one spouse choose state and the other choose federal exemptions). Finally, allowing a debtor to avoid a judicial lien based upon a hypothetical, or shadow, exemption creates a notice problem – the requirements for notice of a § 522(f) motion do not include the same parties entitled to receive notice of claimed exemptions. *Compare* FED R. BANKR. P. 4003(a); 9014(a) (§ 522(f) motion need only be served on "the party against whom relief is sought"), *with* FED R. BANKR. P. 4003(a) ("A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007) and FED R. BANKR. P. 1009(a) (a debtor is required to give notice of amended schedules to "the trustee and to any entity affected thereby"); *see also* E.D.N.Y. Local Bankruptcy Rule 1009-1(a), (b) (requiring service of amended exemption list on, *inter alia*, "all creditors"). Thus, all creditors and the trustee would not necessarily be provided notice that a debtor was claiming two different or conflicting sets of exemptions.

Here, Debtor had initially failed to claim a homestead exemption on his Schedule C, but did actually claim such an exemption on his Amended Schedule C. However, he now asserts a "0.00" homestead exemption under C.P.L.R. § 5206. This, too, is problematic. First, asserting a $0.00 homestead exemption is tantamount to not claiming an exemption in the Property, as a $0.00 interest is not an interest that can be impaired. *See In re Herbert*, 2001 WL 1739180, at *2 (Bankr. D. Md. 2001) ("Because Debtor valued her exemption on the Property as $0.00 on Schedule C, her request to avoid Colonial's judicial lien must be denied because there exists no exemption to impair as required by 11 U.S.C. § 522(f)."); *In re Berryhill*, 254 B.R. 242, 244 (Bankr. N.D. Ind. 2000) ("a claimed exemption of $ 0.00 is the equivalent of no exemption whatsoever."); *In re Forti*, 224 B.R. 323, 327-28 (Bankr. D. Md. 1998) (where debtors claimed a zero dollar exemption in corporate stock and their principal residence, "Debtors' interests in these assets [were] exempt only to the extent of zero dollars. In effect, no dollar amount of the exemption has been preserved.").

Second, it appears that Debtor is attempting to utilize a benefit not available to him under applicable New York exemption law. If Debtor had claimed a homestead exemption in a dollar amount certain, he would not be entitled to the $5,000.00 cash exemption he has claimed under DCL § 283(2) for an "Anticipated 2011 Tax Refund." The plain language of DCL § 283(2) provides that:

> **a debtor, who (a) does not elect, claim, or otherwise avail himself of** an exemption described in [C.P.L.R. § 5206] . . . may exempt cash in the amount by which ten thousand dollars exceeds the aggregate of his or her exemptions referred to in subdivision one of this section or in the amount of five thousand dollars, whichever amount is less.

N.Y. DEBT. & CRED. L. § 283(2) (2012) (emphasis added). Numerous bankruptcy courts have held that a debtor utilizing the New York State exemptions may claim either the homestead

exemption or the cash exemption, but not both. *See*, *e.g.*, *Wallace*, 453 B.R. at 81-82; *In re Sherman*, 237 B.R. 551, 554 (Bankr. N.D.N.Y. 1999); *In re Bartley*, 33 B.R. 768, 773 (Bankr. E.D.N.Y. 1983); *see also In re Gross*, 394 B.R. 693, 696 (Bankr. W.D.N.Y. 2008); *cf. Schwab*, 130 S.Ct. at 2667 ("The Code limits exemptions . . . because every asset the Code permits a debtor to withdraw from the estate is an asset that is not available to his creditors. *See* § 522(b)(1). Congress balanced the difficult choices that exemption limits impose on debtors with the economic harm that exemptions visit on creditors").

Therefore, because Debtor claimed the cash exemption under DCL § 283(2) on his Amended Schedule C, he would not be entitled under New York law to assert a homestead exemption for the Property. Because Debtor has not exempted any value in the Property, he cannot utilize § 522(f) to avoid a judicial lien on that Property. Thus, Debtor must make a decision as to which exemption he wishes to pursue, but New York law and the Bankruptcy Code will not allow him to claim both.

## Conclusion

For the foregoing reasons, it is hereby

**ORDERED**, that Debtor's Motion to avoid judicial liens on his principal residence pursuant to 11 U.S.C. § 522(f) is hereby denied without prejudice; and it is further

**ORDERED**, that within **fourteen (14) days** of the date of entry of this Order, Debtor may file and serve further Amended Schedules pursuant to Bankruptcy Rule 1009(a) and E.D.N.Y. Local Bankruptcy Rule 1009-1(a)-(b) that comply with the applicable exemption provisions and may file and serve a new § 522(f) motion consistent with the applicable exemption provisions; should Debtor fail to timely file and serve further Amended Schedules, the Motion shall be deemed denied; and it is further

**ORDERED**, that the Clerk of the Court shall not close this case prior to the expiration of the fourteen-day period referenced in the preceding paragraph; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the Debtor, the Chapter 7 Trustee, and the Office of the United States Trustee.



**Dated: July 18, 2013**
      **Central Islip, New York**
                                    **Alan S. Trust**
                        **United States Bankruptcy Judge**